IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES J. SCHREIBER and<br>SCHREIBER TOWING, INC.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>GARY CORNWELL and<br>VILLAGE OF CAHOKIA, ILLINOIS,<br><br>          Defendants. | Case No. 14-cv-0499-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) (Doc. 12) by which Defendants Gary Cornwell and Village of Cahokia, Illinois seek dismissal of Plaintiffs' Amended Complaint (Doc. 9) for failure to state a claim as to all counts and for lack of standing as to Plaintiff Charles Schreiber in Counts II, III and IV. For the following reasons, the Court **GRANTS** Defendants' Motion.

As an initial matter, the Court must resolve an inconsistency in Plaintiffs' Amended Complaint regarding the capacity in which Defendant Gary Cornwell is being sued. The caption states "in his official capacity as Mayor of Cahokia, Illinois" while paragraph 3 states "all claims made against Defendant GC are directed against him in an individual capacity." Assuming counsel understands the implications of suing a public official in his official capacity versus his individual capacity and looking further to the original Complaint for guidance[1], the Court concludes that the claims are against Gary Cornwell in his individual capacity.

---

[1] Plaintiffs' original Complaint (Doc. 4-1) does not contain "official capacity" language in the caption and states at paragraph 3, "All claims made against Cornwell are directed against him personally and not in any sort or form of official capacity."

Plaintiffs' claims center on the removal of Schreiber Towing from the Village of Cahokia's "tow list" which allows approved towing companies to be contacted to tow vehicles for the Cahokia Police Department. Plaintiffs claim to have detrimentally changed position after being placed on the tow list, in that they purchased buildings and equipment they would not have otherwise purchased but for the expectation that they would continue to be assigned police tows. Plaintiffs allege these expectations and reliance stemmed from express representations by Defendants. Plaintiffs further allege that Schreiber Towing was removed from the tow list in retaliation after Mayor Gary Cornwell perceived Charles Schreiber as being a political supporter of certain rivals of Gary Cornwell. Finally, Plaintiffs allege that Gary Cornwell "acted with malice and an intent to injure" Charles Schreiber due to Schreiber's exercise of the First Amendment right of freedom of speech in violation of 42 U.S.C. § 1983.

Count I of Plaintiffs' Amended Complaint is by Plaintiff Schreiber Towing against Defendant Gary Cornwell in his individual capacity for retaliation in violation of 42 U.S.C. § 1983. Count II is by Plaintiff Charles Schreiber for retaliation in violation of 42 U.S.C. § 1983. Count III is also by Plaintiff Charles Schreiber for retaliation in violation of 42 U.S.C. § 1983, but adds two paragraphs for the purpose of justifying a request of punitive damages. Count IV is an equitable estoppel claim asserted under Illinois state law by both Plaintiffs, presumably against both Defendants. Ultimately, Plaintiffs request that the Court enter judgment for compensatory and punitive damages, enjoin Defendant Village of Cahokia from excluding Schreiber Towing from the city tow list and award costs and other relief as allowed by law.

Defendants move to dismiss the Amended Complaint in its entirety. Specifically, Defendants argue that Count I fails to sufficiently allege facts to state a cause of action; that Counts II and III are duplicative, fail to allege sufficient facts to state a cause of action and

otherwise cannot move forward because Plaintiff Charles Schreiber lacks standing; and that Count IV fails to allege sufficient facts and likewise cannot move forward due to lack of standing.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Counts I, II and III set forth claims of retaliation for Charles Schreiber's exercise of his First Amendment right of freedom of speech in violation of 42 U.S.C. § 1983.  In that regard, Paragraphs 8 and 9 of Plaintiffs' Amended Complaint contain the following allegations:

> 8.  That earlier in 2013, Plaintiff CS, who owned Plaintiff ST, was perceived by Defendant GC, as being a political supporter of certain perceived political rivals of Defendant GC, including but not limited to Sheriff Watson, on matters of public concern, including but not limited to who should be elected to certain political offices, including in the perception of Defendant GC, Sheriff of Saint Clair County and Mayor of the Village of Cahokia.

>    9. That without justification, and in retaliation for perceived political support of perceived political rivals, Plaintiff ST was removed, at the personal directed [sic] of Defendant GC, from the Cahokia tow list, because Plaintiff CS exercised his First Amendment right of freedom of speech, and in so doing violated 42 U.S.C. § 1983.

No further facts are offered to show how Plaintiff Charles Schreiber exercised his First Amendment rights or how Gary Cornwell developed his alleged perceptions of Plaintiff Charles Schreiber's political support.  As such, the Court finds Plaintiffs' allegations in Counts I-III to be conclusory statements that do not allow a reasonable inference that Defendant Cornwell is liable for the alleged misconduct.  While the details provided may be sufficient to give Defendants some level of notice, the Amended Complaint does not plausibly suggest a right to relief above a speculative level as *Twombly* requires.  Therefore, the Amended Complaint lacks facial plausibility and a dismissal of the §1983 claims is warranted.  Because the Court cannot exercise supplemental jurisdiction when federal claims are dismissed, the Court will not examine Count IV of Plaintiffs' Amended Complaint.  The Court may, however, allow a plaintiff to amend a complaint to correct insufficiencies and will do so in this case.  See *Hewitt v. Schneider Nat'l Carriers*, 2010 WL 415385 (S.D. Ill, Feb. 1, 2010).

Defendants' Motion to Dismiss is granted.  Plaintiffs' Amended Complaint is dismissed without prejudice.  Plaintiffs have up to and including **Monday, May 4, 2015** to file a Second Amended Complaint that comports with this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS SO ORDERED.**

**DATE: April 2, 2015**                              **s/  Staci M. Yandle**
                                                     **STACI M. YANDLE**
                                                     **DISTRICT JUDGE**